IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ELIJAH MALUHIA KANEAKUA, #10286-022,<br><br>          Plaintiff,<br><br>    v.<br><br>ESTELA DERR, et al.,<br><br>          Defendants. | Civil No. 22-00149 JAO-KJM<br><br>ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND |

## ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND

Before the Court is a Prisoner Civil Rights Complaint ("Complaint"), ECF No. 1, filed by pro se Plaintiff Elijah Maluhia Kaneakua ("Kaneakua") pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Kaneakua alleges that two officials[1] at the Federal Detention Center in Honolulu, Hawai'i ("FDC Honolulu") violated the First Amendment by denying him access to the courts. ECF No. 1 at 5–6. For the following reasons, the Complaint is DISMISSED for failure to state a claim for relief. *See* 28 U.S.C.

---

[1] Kaneakua names as Defendants Warden Estela Derr ("Warden Derr") and Unit 5A Manager Kris Robl ("Unit Manager Robl" or "Robl") in their individual and official capacities. ECF No. 1 at 1–2.

§§ 1915(e)(2) & 1915A(b)(1).  Because any amendment would be futile, this dismissal is without leave to amend.

## I.  <u>STATUTORY SCREENING</u>

The Court is required to screen all in forma pauperis prisoner pleadings against government officials pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). *See Byrd v. Phx. Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018).  Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed.  *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under 28 U.S.C. §§ 1915(e)(2) and 1915A(a) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6). *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam).  Under this standard, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).  A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.  *See id.*

In conducting this screening, the Court liberally construes pro se litigants' pleadings and resolves all doubts in their favor.  *See Hebbe v. Pliler*, 627 F.3d 338,

2

342 (9th Cir. 2010) (citations omitted).  The Court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint.  *See Lopez*, 203 F.3d at 1130.  When a claim cannot be saved by amendment, dismissal with prejudice is appropriate.  *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II.    <u>BACKGROUND</u>[2]

Keneakua commenced this action by signing the Complaint on April 4, 2022.  ECF No. 1 at 9.  The Court received Kaneakua's Application to Proceed In Forma Pauperis by a Prisoner on May 2, 2022, ECF No. 6, and granted the application on May 4, 2022, ECF No. 7.

Kaneakua alleges that he asked Unit Manager Robl for "administrative remedy forms" on April 1, 2022.  ECF No. 1 at 5.  Robl refused Kaneakua's request.  *Id.*  According to Kaneakua, he had unspecified "medical issues," and Robl's refusal to provide administrative remedy forms might deprive him of treatment.  *Id.*  Kaneakua seeks $1,000,000.  *Id.* at 9.

---

[2]  At screening, Kaneakua's well-pleaded factual allegations are accepted as true. *See, e.g.*, *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

## III.   <u>DISCUSSION</u>

### A.   Legal Framework For *Bivens* Claims

In *Bivens*, the Supreme Court "recognized for the first time an implied right of action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Hernandez v. Mesa*, 582 U.S. ___, 137 S. Ct. 2003, 2006 (2017) (per curiam) (internal quotation marks and citation omitted). *Bivens* involved a suit against individual federal agents who violated the Fourth Amendment's prohibition against unreasonable searches and seizures. *See Bivens*, 403 U.S. at 389–90. Since *Bivens*, the Supreme Court has expanded this implied cause of action only twice. *See Ziglar v. Abbasi*, 582 U.S. ___, 137 S. Ct. 1843, 1855 (2017) ("These three cases — *Bivens*, *Davis*, and *Carlson* — represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself."); *Davis v. Passman*, 442 U.S. 228 (1979) (suit under the Fifth Amendment's Due Process Clause for gender discrimination by a United States Congressman); *Carlson v. Green*, 446 U.S. 14 (1980) (suit under the Eighth Amendment's Cruel and Unusual Punishment Clause for failure to provide adequate medical treatment by federal prison officials).

The Supreme Court "has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Abbasi*, 582 U.S. at ___, 137 S. Ct. at 1857 (quoting *Iqbal*, 556 U.S. at 675). "This is in accord with the Court's observation

that it has 'consistently refused to extend *Bivens* to any new context or new

category of defendants.'"[3]  *Id.* (quoting *Malesko*, 534 U.S. at 68).  Indeed, the

Court has suggested that "the analysis in [its] three *Bivens* cases might have been

different if they were decided today."  *Id.* at ___, 137 S. Ct. at 1856.

In deciding whether a *Bivens* remedy is available, courts first consider

whether providing such a remedy is precluded by prior cases in which the Supreme

Court or the Ninth Circuit has declined to recognize an implied right of action.  *See*

*Lanuza v. Love*, 899 F.3d 1019, 1025 (9th Cir. 2018).  If a claim is precluded, that

is the end of the matter.  If a claim is not precluded, courts then apply a two-step

test.

At step one, courts determine whether a plaintiff is seeking a *Bivens* remedy

in a new context.  *See Ioane v. Hodges*, 939 F.3d 945, 951 (9th Cir. 2018).  The

---

[3]  The Supreme Court declined to create a *Bivens* remedy in the following cases:  a
First Amendment suit against a federal employer, *see Bush v. Lucas*, 462 U.S. 367
(1983); a race discrimination suit against military officers, *see Chappell v.
Wallace*, 462 U.S. 296 (1983); a substantive due process suit against military
officers, *see United States v. Stanley*, 483 U.S. 669 (1987); a procedural due
process suit against Social Security officials, *see Schweiker v. Chilicky*, 487 U.S.
412 (1988); a procedural due process suit against a federal agency for wrongful
termination,  *see FDIC v. Meyer*, 510 U.S. 471 (1994); an Eighth Amendment suit
against a private halfway house operator under contract with the BOP, *see Corr.
Servs. Corp. v. Malesko*, 534 U.S. 61 (2001); a claim of retaliation by Bureau of
Land Management officials against plaintiff for his exercise of Fifth Amendment
property rights, *see Wilkie v. Robbins*, 551 U.S. 537 (2007); an Eighth Amendment
suit against prison guards at a private prison, *see Minneci v. Pollard*, 565 U.S. 118
(2012); and a Fifth Amendment suit against Department of Justice officials, *see
Abbasi*, 582 U.S. ___, 137 S. Ct. 1843.

context is new "[i]f the case is different in a meaningful way from previous *Bivens* cases decided by [the Supreme Court]." *Abbasi*, 582 U.S. at ___, 137 S. Ct. at 1859.  If the plaintiff is seeking a *Bivens* remedy in a new context, then courts proceed to the second step.

At step two, courts may extend *Bivens* only if two conditions are met. "First, the plaintiff must not have any other adequate alternative remedy." *Ioane*, 939 F.3d at 951 (internal quotation marks and citation omitted).  "Second, there cannot be any 'special factors' that lead the court to believe that Congress, instead of the courts, should be the one to authorize a suit for money damages." *Id.* at 951–52 (some internal quotation marks, brackets, and citation omitted).  Although the Supreme Court has yet to define the term, "special factors," it has explained that "the inquiry must concentrate on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." *Abbasi*, 582 U.S. at ___, 137 S. Ct. at 1857–58.

**B.     Official Capacity Claims Under *Bivens***

Kaneakua names Defendants in both their individual and official capacities. *See* ECF No. 1 at 1–2.

"A *Bivens* action can be maintained against a defendant in his or her individual capacity only, and not in his or her official capacity." *Consejo de*

*Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007) (internal quotation marks, brackets, and citation omitted).  "This is because a Bivens suit against a defendant in his or her official capacity would merely be another way of pleading an action against the United States, which would be barred by the doctrine of sovereign immunity." *Id.* (citation omitted). Thus, "[t]here is no such animal as a *Bivens* suit against a public official tortfeasor in his or her official capacity." *Solida v. McKelvey*, 820 F.3d 1090, 1094 (9th Cir. 2016) (internal quotation marks and citation omitted).

Any *Bivens* claims against Defendants in their official capacities are therefore DISMISSED without leave to amend.

## C.    Supervisory Liability Under *Bivens*

Kaneakua names as Defendants two supervisory officials at FDC Honolulu — that is, the warden and a unit manager.  ECF No. 1 at 1–2.

"In the limited settings where *Bivens* does apply, . . . Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Iqbal*, 556 U.S. at 676 (citations omitted).  This is because "[t]he purpose of *Bivens* is to deter the *officer*." *Abbasi*, 582 U.S. at ___, 137 S. Ct. at 1860 (internal quotation marks and citation omitted).  "*Bivens* is not designed to hold officers responsible for acts of their subordinates." *Id.* (citation omitted).

7

A *Bivens* claim must be "brought against the individual official for his or her own acts, not the acts of others." *Id.*; *see also Jones v. McFadden*, No. 1:09–cv–00957–DLB (PC), 2010 WL 2196849, at *3 (E.D. Cal. May 28, 2010) ("[W]hen a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged." (citations omitted)).  Thus, to state a claim for relief under *Bivens* based on a theory of supervisory liability, the plaintiff must allege facts showing that supervisory defendants:

> (1) personally participated in the alleged deprivation of constitutional rights; (2) knew of the violations and failed to act to prevent them; or (3) promulgated or implemented a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation.

*Id.* (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks and other citation omitted).

Any claims against Warden Derr or Unit Manager Robl solely based on their supervisory positions are DISMISSED without leave to amend.  *See Fries v. Kernan*, Case No. 1:18-cv-00652-LJO-SKO (PC), 2018 WL 11260954, at *8 (E.D. Cal. Dec. 5, 2018) ("[A]ny allegation that supervisory personnel . . . somehow liable solely based on the acts of those under his or her supervision, does not state a cognizable claim.").

8

Further, while Kaneakua alleges that Robl refused to provide him with administrative remedy forms, *see* ECF No. 1 at 5, which the Court addresses below, *infra* Part III.D., he fails to say how Warden Derr violated his constitutional rights.  Kaneakua does not allege that Warden Derr personally participated in the alleged deprivation of his rights, knew of the alleged violation and failed to act, or was responsible for a policy that itself violated his rights.  Thus, it appears that Warden Derr is named solely because of her supervisory position.  As already stated, any allegation by Kaneakua that Warden Derr is liable purely because of the acts of someone under her supervision must be DISMISSED with prejudice.  *See Fries*, 2018 WL 11260954, at *8.

## D.    First Amendment – Access To Court Claim

Kaneakua alleges that he was denied access to the courts because Robl refused to provide him with administrative remedy forms.  ECF No. 1 at 5.

"The First Amendment guarantees a prisoner a right to seek redress of grievances from prison authorities and . . . a right of meaningful access to the courts."  *Jones v. Williams*, 791 F.3d 1023, 1035 (9th Cir. 2015) (citations omitted).  The Supreme Court, however, has never recognized a *Bivens* remedy for First Amendment claims, *see Reichle v. Howards*, 566 U.S. 658, 663 n.4 (2012); and the Ninth Circuit has declined to extend *Bivens* to access to court claims in various contexts.  *See Vega v. United States*, 881 F.3d 1146, 1153–55 (9th Cir.

2018) (declining to expand *Bivens* remedy to include access to court claims against private defendants under the First Amendment); *Schwarz v. Meinberg*, 761 F. App'x 732, 733–34 (9th Cir. 2019) ("We decline to extend *Bivens* remedies to [the plaintiff's] claims — unsanitary cell conditions, access to courts, and request for placement in a camp facility — because these claims do not fall within claims authorized by the Supreme Court." (citation omitted)).

District courts, therefore, have consistently concluded that no *Bivens* remedy exists for access to court claims. *See, e.g., Camillo-Amisano v. Fed. Bureau of Prisons*, No. 2:17-cv-06634-ODW-JDE, 2019 WL 8138040, at *5 (C.D. Cal. Oct. 4, 2019) ("The Court declines to find a private right of action for Plaintiff's denial of access to courts claim under *Bivens*[.]"), *report and recommendation adopted,* No. CV 17-06634-ODW (JDE), 2019 WL 8137708 (C.D. Cal. Nov. 12, 2019); *Moore v. United States*, Case No.: 1:20-cv-00451-NONE-SAB (PC), 2020 WL 3265874, at *4 (E.D. Cal. June 17, 2020) ("[T]he Court . . . declines to find an implied *Bivens* cause of action under the First Amendment for the denial of access to the courts." (citation omitted)), *report and recommendation adopted*, Case No.: 1:20-cv-00451-NONE-SAB (PC), 2020 WL 6060869 (E.D. Cal. Oct. 14, 2020); *see also Free v. Peikar*, Case No. 1:17-cv-00159-AWI-MJS (PC), 2018 WL 1569030, at *2 (E.D. Cal. Mar. 30, 2018) ("Nationwide, district courts seem to be

10

in agreement that, post-*Abbasi*, prisoners have no right to bring a *Bivens* action for violation of the First Amendment." (citations omitted)).

Even if a *Bivens* remedy exists for an access to court claim, Kaneakua fails to state a plausible claim for relief.  "To establish a violation of the right of access to the courts, a prisoner must establish that he or she has suffered an actual injury." *Nev. Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing *Lewis v. Casey*, 518 U.S. 341, 349 (1996)).  "Actual injury is a jurisdictional requirement that flows from the standing doctrine and may not be waived." *Id.* (citation omitted).  "It is actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* (internal quotation marks and citation omitted).  Failing to allege that a nonfrivolous legal claim has been frustrated is fatal to an access to court claim. *See Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008).

Here, Kaneakua fails to allege that Robl's actions frustrated a nonfrivolous legal claim in contemplated or existing litigation.  Kaneakua does not allege that he was prevented from meeting a filing deadline or presented a claim.  At most, Kaneakua alleges that Robl's actions might prevent him from obtaining medical treatment. *See* ECF No. 1 at 5 ("[D]enying the [administrative remedy] process . . . may very well deny [Kaneakua] the treatment that he needs.").  Although Robl's actions might have delayed Kaneakua's ability to proceed through the BOP's

administrative remedy program and slowed his ability to exhaust his administrative remedies, this does not satisfy the actual injury requirement. *See Kerch v. Johnson*, Civil Action No. 5:17-CV-108 (MTT), 2018 WL 844416, at *2 n.4 (M.D. Ga. Feb. 13, 2018) ("[B]ecause the alleged interference with the grievance procedure did not prevent the Plaintiff from bringing suit in court, he has suffered no actual injury."); *Jose-Nicolas v. Butler*, Case No. 16-cv-00402-MJR, 2016 WL 2643347, at *3 (S.D. Ill. May 10, 2016) (dismissing access to court claim where the plaintiff "was not prevented from filing [an] action in a timely manner, and he describe[d] no actual legal detriment that he suffered as a result of [the defendant's] conduct").

Finally, the Court notes that Kaneakua has two other actions currently pending in this district.[4] *See Kaneakua v. Derr*, Civ. No. 22-00158 DKW-KJM (D. Haw.); *Kaneakua v. Derr*, Civ. No. 22-00201 DKW-WRP (D. Haw.). Kaneakua also has an additional action pending in another district. *See Kaneakua v. Salazar*, Civ. No. 3:22-00477-MO (D. Or.). The Court further notes that, in one of his pending actions in this district, Kaneakua alleges that he has been denied adequate

---

[4] Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of relevant federal records available electronically. *See United States v. Raygoza-Garcia*, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through [public access to court electronic records]." (citations omitted)).

medical care at FDC Honolulu.  *See* Prisoner Civil Rights Complaint, *Kaneakua*,

Civ. No. 22-00201 DKW-WRP (D. Haw. Apr. 29, 2022), ECF No. 1.  Given all of

this, Kaneakua cannot plausibly allege that he has been denied access to the Court.

Kaneakua's access to court claim is DISMISSED.  Because any amendment

would be futile, this dismissal is without leave to amend.  *See Sylvia Landfield Tr.*,

729 F.3d at 1196.

## V.    28 U.S.C. § 1915(g)

Kaneakua is notified that this dismissal may count as a "strike" under

28 U.S.C. § 1915(g).  Under this "3-strikes" provision, a prisoner may not bring a

civil action or appeal a civil judgment in forma pauperis,

> if the prisoner has, on 3 or more prior occasions, while
> incarcerated or detained in any facility, brought an action or
> appeal in a court of the United States that was dismissed on the
> grounds that it is frivolous, malicious, or fails to state a claim
> upon which relief may be granted, unless the prisoner is under
> imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## VI.    CONCLUSION

(1) The Complaint, ECF No. 1, is DISMISSED for failure to state a claim

pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

(2) Because any amendment would be futile, the Complaint is DISMISSED

without leave to amend, and this dismissal may later constitute a strike under

28 U.S.C. § 1915(g).

(3) The court CERTIFIES that an appeal from this Order would be frivolous and therefore, not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (stating that indigent appellant is permitted to proceed IFP on appeal only if issues on appeal would not be frivolous).

(4) The Clerk is DIRECTED to enter judgment and close this case.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaiʻi, June 8, 2022.



Jill A. Otake
United States District Judge

Civil No. 22-00149 JAO-RT, *Kaneakua v. Derr, et al.*; ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND